ELLIOT ENOKI #1528
Acting United States Attorney
District of Hawaii

LAWRENCE L. TONG #3040
Chief, Fraud and Financial Crime Section

KENNETH M. SORENSON
MARC A. WALLENSTEIN #10456
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:     (808) 541-2850
Facsimile:     (808) 541-2958
E-mail:   ken.sorenson@usdoj.gov
          marc.wallenstein@usdoj.gov

TARYN M. MEEKS
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00446 SOM |
| | ) |
| | ) **GOVERNMENT'S MOTION FOR** |
| Plaintiff, | ) **PRETRIAL CONFERENCE** |
| | ) **PURSUANT TO CLASSIFIED** |
| vs. | ) **INFORMATION PROCEDURES ACT** |
| | ) **AND SUPPORTING MEMORANDUM OF** |
| IKAIKA ERIK KANG, | ) **LAW REGARDING STATUTORY** |
| | ) **PROCEDURES FOR HANDLING OF** |
| Defendant. | ) **CLASSIFIED INFORMATION;** |
| | ) **CERTIFICATE OF SERVICE** |
| | ) |

TABLE OF CONTENTS

I.   BACKGROUND ................................................ 2

II.  CIPA SECTIONS AND PROCEDURES ............................. 4

     A. Section 2 – Pretrial Conference ........................ 4

     B. Section 3 – Protective Orders .......................... 5

     C. Section 4 – Protection of Classified Information
        During Discovery ....................................... 6

     D. Sections 5 and 6 – Notice of Defendant's Intent
        to Disclose Classified Information and Pretrial
        Procedures Regarding Admissibility .................... 10

        1. The Requirement to Provide Notice of Disclosure ...... 10

        2. The Pretrial Hearing on Disclosure ................. 12

        3. Substitution in Lieu of Disclosure ................. 14

     E. Other Relevant CIPA Procedures ........................ 16

        1. Section 7 – Interlocutory Appeal ................... 16

        2. Section 8 – Procedures Governing the Introduction
           of Classified Information at Trial or a Pretrial
           Proceeding .......................................... 16

        3. Section 10 – Identification of Information
           Related to National Defense ........................ 17

III. CONCLUSION ............................................... 18

TABLE OF AUTHORITIES

<u>Cases</u>

*Brady v. Maryland*,
  373 U.S. 83 (1963) ........................................ 12

*CIA v. Sims*,
  471 U.S. 159 (1985) ....................................... 4

*Giglio v. United States*,
  405 U.S. 150 (1972) ....................................... 9

*Kasi v. Angelone*,
  200 F.Supp.2d 585 (E.D. Va. 2002) ...................... 3, 9

*Roviaro v. United States*,
  353 U.S. 53 (1957) ........................................ 8

*United States v. Abu-Jihaad*,
  630 F.3d 102 (2d Cir. 2010) ............................... 8

*United States v. Apperson*,
  441 F.3d 1162 (10th Cir. 2006) ............................ 4

*United States v. Aref*,
  533 F.3d 72 (2d Cir. 2008) ............................. 7, 8

*United States v. Badia*,
  827 F.2d 1458 (11th Cir. 1987) ........................... 11

*United States v. Baptista-Rodriguez*,
  17 F.3d 1354 (11th Cir. 1994) ...................... 6, 7, 10

*United States v. Campa*,
  529 F.3d 980 (11th Cir. 2008) ............................ 19

*United States v. Collins*,
  720 F.2d 1195 (11th Cir. 1983) ....................... 10, 11

*United States v. Dumeisi*,
  424 F.3d 566 (7th Cir. 2005) .............................. 6

*United States v. Giffen*,
  473 F.3d 30 (2d Cir 2006) ............................ 11, 14

*United States v. Hashmi*,
  621 F.Supp.2d 76 (S.D.N.Y. 2008) ........................... 11

*United States v. Johnson*,
  139 F.3d 1359 (11th Cir. 1998) ............................. 6

*United States v. Klimavicius-Viloria*,
  144 F.3d 1249 (9th Cir. 1998) ........................ 6, 9, 19

*United States v. Lemonakis*,
  485 F.2d 941 (D.C. Cir. 1973) .............................. 4

*United States v. Libby*,
  429 F.Supp.2d 46 .......................................... 9

*United States v. McVeigh*,
  923 F.Supp. 1310 (D.Col. 1996) ............................ 7

*United States v. North*,
  708 F.Supp. 399 (D.D.C. 1988) ............................. 3

*United States v. Pappas*,
  94 F.3d 795 (2d Cir. 1996) ............................. 3, 5

*United States v. Poindexter*,
  698 F.Supp. 316 (D.D.C. 1988) ............................ 13

*United States v. Pringle*,
  751 F.2d 419 (1st Cir. 1985) ........................... 8 ,9

*United States v. Rezaq*,
  134 F.3d 1121 (D.C. Cir. 1998) ......................... 7, 9

*United States v. Sarkissian*,
  841 F.2d 959 (9th Cir. 1988) .............................. 8

*United States v. Smith*,
  780 F.2d 1102 (4th Cir. 1985) ....................... passim

*United States v. Varca*,
  896 F.2d 900 (5th Cir. 1990) .............................. 7

*United States v. Wilson*,
  721 F.2d 967 (4th Cir. 1983) .......................... 11, 13

*United States v. Yunis*,
  867 F.2d 617 (D.C. Cir. 1989) ....................... passim

Statutes

18 U.S.C. App. 3................................................. 2
18 U.S.C. App. 3 § 1(a).......................................... 3
18 U.S.C. App. 3 § 2.......................................... 4, 5
18 U.S.C. App. 3 § 4.......................................... 8, 9
18 U.S.C. App. 3 § 5(a)..................................... 10, 12
18 U.S.C. App. 3 § 6(a)......................... 10, 12, 14, 15
18 U.S.C. App. 3 § 6(c)......................................... 10
18 U.S.C. App. 3 § 6(c)(1)..................................... 14
18 U.S.C. App. 3 § 6(c)(A)(B)................................. 13
18 U.S.C. App. 3 § 6(d)........................................ 15
18 U.S.C. App. 3 § 6(e)(1)..................................... 14
18 U.S.C. App. 3 § 6(f)........................................ 15
18 U.S.C. App. 3 § 7........................................... 15
18 U.S.C. App. 3 § 7(a)........................................ 16
18 U.S.C. App. 3 § 7(b)........................................ 16
18 U.S.C. App. 3 § 8(c)........................................ 17
18 U.S.C. § 2339B.............................................. 2

Rules

Federal Rule of Criminal Procedure 16(d)(1)................... 7

**GOVERNMENT'S MOTION FOR PRETRIAL CONFERENCE
PURSUANT TO CLASSIFIED INFORMATION PROCEDURES ACT
AND SUPPORTING MEMORANDUM OF LAW REGARDING STATUTORY
PROCEDURES FOR HANDLING OF CLASSIFIED INFORMATION**

The United States of America, by and through undersigned counsel, Elliot Enoki, Acting United States Attorney for the District of Hawaii, and Kenneth M. Sorenson and Marc Wallenstein, Assistant United States Attorneys for said District, and Taryn Meeks, Trial Counsel, National Security Division, U.S. Department of Justice, hereby apprises the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), §§ 1-16 to matters relating to classified information that may arise in connection with the instant case, both before and during trial, and moves for a pretrial conference, pursuant to Section 2 of CIPA, to consider such matters. In support of its motion, the Government submits the following memorandum of law to provide the Court with a detailed description of the procedures mandated by the CIPA statute for protecting classified information.

## I.   BACKGROUND

The indictment in this case charges the Defendant with attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B. Classified material was collected, implicated, and used as part of the underlying investigation and will be the subject of certain statutory procedures pursuant to CIPA, as well as other applicable rules, statutes, and/or case law. The disclosure of such material

will raise issues of national security that the Court must address before the material is provided to the defense.

For purposes of CIPA, "classified information" includes any information or material that has been determined by the Government, pursuant to law or regulation, to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. 3 § 1(a). "National security" means the national defense and foreign relations of the United States. 18 U.S.C. App. 3 § 1(b). CIPA applies equally to classified testimony and classified documents. *See United States v. North*, 708 F.Supp. 399, 399-400 (D.D.C. 1988); *Kasi v. Angelone*, 200 F.Supp.2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

CIPA sets forth procedures by which federal courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). The fundamental purpose of CIPA is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (internal quotes and citation omitted). It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v.*

*Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006) (internal quotes and citation omitted).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure, noting that "[t]he Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (internal quotes and citation omitted). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant….." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

## II.  CIPA SECTIONS AND PROCEDURES

### A.   Section 2 - Pretrial Conference

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3 § 2. After such motion is filed, Section 2 requires that the district court hold a pretrial conference to establish: (1) the timing of requests for discovery; (2) the provision of the

requisite written pretrial notice to the government, pursuant to Section 5 of CIPA, of the defendant's intent to disclose classified information; and (3) the initiation of hearings and other procedures, pursuant to Section 6 of CIPA, concerning the use, relevance and admissibility of classified information. *Id.* In addition, the court may consider any matters that relate to classified information, or that may promote a fair and expeditious trial. *Id.* No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. *See* S. Rep. No 96-823, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298-99.

## B.   Section 3 - Protective Orders

Section 3 of CIPA requires the district court to issue a protective order upon motion of the Government to protect against the disclosure of any classified information that is disclosed by the Government to the Defendant. This section was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," *Pappas*, 94 F.3d at 801 (quoting legislative history), as well as to supplement the district court's authority under Rule 16(d)(1) of the Federal Rules of Criminal Procedure to issue protective orders in connection with the discovery process. In contrast to the court's discretionary authority under Rule 16(d)(1), Section 3 of CIPA "makes it clear that protective orders are to be issued, if

requested, whenever the government discloses classified information to a defendant in connection with a prosecution, e.g., Brady and Jencks material." *Id*. (quoting legislative history).

**C.   Section 4 - Protection of Classified Information During Discovery**

CIPA does not create any new right of discovery nor does it expand the rules governing the admissibility of evidence. *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant"); *United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence"); *United States v. Smith*, 780 F.2d 1102, 1106 (4th Cir. 1985) (en banc) ("The legislative history is clear that Congress did not intend to alter the existing law governing the admissibility of evidence.). Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of such information to protect the government's national security interests. *Baptista-Rodriguez*, 17 F.3d at 1363-64; *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989).

Accordingly, CIPA does not, nor was it intended, to "expand the traditional rules of discovery under which the government is **not** required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense."

6

*United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990) (emphasis added). *Accord United States v. McVeigh*, 923 F.Supp. 1310, 1314 (D.Col. 1996) ("CIPA does not enlarge the scope of discovery or of *Brady*"). Nor does CIPA provide that the admissibility of classified information be governed by anything other than the "well-established standards set forth in the Federal Rules of Evidence." *Baptista-Rodriguez*, 17 F.3d at 1364 (citations omitted).

Like Federal Rule of Criminal Procedure 16(d)(1), which gives the district the authority to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" for "good cause," Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny, or otherwise restrict, discovery by the Defendant of classified documents and information belonging to the United States. 18 U.S.C. App. 3 § 4. *See, e.g., United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998); *Yunis*, 867 F.2d at 619-25. The legislative history of CIPA makes clear that Section 4 was intended to simply clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. *See* S. Rep. No. 96-823, at 6, 1980 U.S.C.C.A.N. at 4299-4300; *see also United States v. Aref*, 533 F.3d 72, 78-79 (2d Cir. 2008).

Thus, if the district court determines that the classified information is either not "relevant to the determination of the

7

guilt or innocence of the defendant[]," or "helpful to the defense," or "essential to a fair determination of the cause," it is within its authority to withhold disclosure of the information. *Smith*, 780 F.2d at 1110 (quoting with approval *United States v. Pringle*, 751 F.2d 419, 428 (1st Cir. 1985), and holding that defendant's right to discovery must be balanced against public's interest in nondisclosure); *see Yunis*, 867 F.2d at 623 ("a defendant seeking classified information…is entitled only to information that is at least 'helpful to the defense of [the] accused'" (quoting *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)).

CIPA also provides, similar to Rule 16(d)(1), that the Government may demonstrate that the use of alternative discovery procedures is warranted:

> The court, upon a sufficient showing, may authorize the United States to delete specific items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

18 U.S.C. App. 3 § 4. Moreover, such a showing may be made *in camera* and *ex parte*. *Id.*; *see United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010); *Aref*, 533 F.3d at 81; *Yunis*, 867 F.2d at 622–23; *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *Pringle*, 751 F.2d at 427.

In essence, Section 4 allows the Government to request that the Court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable under Rule 16, the Jencks Act, *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972), and if so, to protect such classified information from disclosure though various means. *See United States v. Libby*, 429 F.Supp.2d 46, 47-48, *amending prior opinion,* 429 F.Supp.2d 18 (D.D.C. 2006); *see also Klimavicius-Viloria*, 144 F.3d at 1261-62; *Rezaq*, 134 F.3d at 1142; *Yunis*, 867 F.2d at 619-25; *Pringle*, 751 F.2d at 427-28; *Kasi*, 200 F.Supp.2d at 596 n.6.

For example, the Government may request that the Court deny discovery of a classified document in its entirety, pursuant to Section 4, because it is not discoverable under the relevant legal standard. *See Libby*, 429 F.Supp.2d at 47-48. Alternatively, the Government may file a motion under Section 4 to delete specific classified information from a document that either the Government or the Court has deemed discoverable, or to substitute an unclassified summary or admission in place of the document. *Id.* at 47; 18 U.S.C. App. 3 §4. If the Court determines that the disputed document is not subject to discovery, or, if it is, permits deletion or substitution of the classified information, then the entire text of any *ex parte* pleadings shall be sealed and preserved in the Court's record to be made available to the appellate court in the event of an appeal. 18 U.S.C. App. 3 § 4.

9

**D.    Sections 5 and 6 – Notice of Defendant's Intent to Disclose Classified Information and Pretrial Procedures Regarding Admissibility**

There are three critical pretrial steps in the handling of classified information under CIPA after such information has been provided to the defendant through discovery. First, Section 5 requires that the Defendant specify the classified information he or she reasonably expects to disclose at trial. Second, the Court, upon motion of the Government, shall hold a hearing to determine the use, relevance and admissibility of the proposed evidence. 18 U.S.C. App. 3 § 6(a).  Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the Government may move to substitute an admission of relevant facts or summaries for the classified information the Court rules to be admissible. 18 U.S.C. App. 3 § 6(c). *See, e.g., Baptista-Rodriguez*, 17 F.3d at 1363; *United States v. Collins*, 720 F.2d 1195, 1197-99 (11th Cir. 1983).

**1.    The Requirement to Provide Notice of Disclosure**

Section 5 requires a Defendant who intends to disclose, or cause the disclosure of, classified information to provide timely pretrial written notice of his or her intention to the Court and the Government. 18 U.S.C. App. 3 § 5(a). Such notice must "include a brief description of the classified information," *id.*, stating "with particularity, which items of classified information… [the Defendant] reasonably expects will be revealed

10

by his defense…..." *Collins*, 720 F.2d at 1199; *see also Smith*, 780 F.2d at 1105; *United States v. Giffen*, 473 F.3d 30, 33 (2d Cir 2006). This requirement applies to both documentary exhibits and oral testimony, regardless of whether it is anticipated to be brought out on direct or cross-examination. *See United States v. Wilson*, 721 F.2d 967, 975-76 (4th Cir. 1983).

If the Defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) authorizes the Court to preclude disclosure of the classified information. *See United States v. Badia*, 827 F.2d 1458, 1464-66 (11th Cir. 1987) (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA Section 5). Similarly, if the Defendant attempts to disclose at trial classified information, which is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b). *Smith*, 780 F.2d at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice."). *See United States v. Hashmi*, 621 F.Supp.2d 76, 81 (S.D.N.Y. 2008).

Thus, Section 5 requires the Defendant to provide timely written notice to the Court and the Government describing any classified information that he reasonably expects to disclose. Notification must take place "within the time specified by the

court, or, where no time is specified, within thirty days prior to trial...." 18 U.S.C. App. 3 § 5(a). Section 5 specifically prohibits the Defendant from disclosing in a trial or pretrial proceeding "any information known or believed to classified" until such notice has been given, the Government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the Government under Section 7 has been decided, or the time for filing an appeal has expired. 18 U.S.C. App. 3 § 5(a).

### 2.   The Pretrial Hearing on Disclosure

Section 6(a) provides that upon motion of the Government, the Court must hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. 3 § 6(a). The hearing is to be held *in camera* if a public proceeding may result in the disclosure of classified information. *Id.* If the Section 6(a) motion is filed before trial or a pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." *Id.*

Section 6(b) requires that before any hearing is conducted under Section 6(a), the Government must notify the Defendant of the hearing and identify the classified information at issue. If the information was not previously made available to

12

the Defendant, the Government may, with the Court's approval, provide a generic description of the material to the Defendant. 18 U.S.C. App. 3 § 6(c)(A)(B). Thus, as Congress recognized in enacting CIPA, "the government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval." S. Rep. No. 96-823, at 8, *reprinted in* 1980 U.S.C.C.A.N. at 4301.

At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.[1] *See Smith*, 780 F.2d at1105-06; *Yunis*, 867 F.2d at 622. The Court's inquiry does not end there, however, because under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial." *Smith*, 780 F.2d at 1106. The Court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading" such that it should be excluded under Rule 403. *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984). At the conclusion of the

---

[1] CIPA does not change the "generally applicable evidentiary rules of admissibility." *Wilson*, 750 F.2d at 9. *Accord Yunis*, 867 F.2d at 623. Rather, CIPA alters the timing of rulings concerning "use, relevance or admissibility" so as to require them to be made before trial. *United States v. Poindexter*, 698 F.Supp. 316, 318 (D.D.C. 1988); *see also Smith*, 780 F.2d at 1106.

Section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information. 18 U.S.C. App. 3 § 6(a).

### 3.    Substitution in Lieu of Disclosure

In the event the Court rules that one or more items of classified information are admissible, the Government has the option, pursuant to Section 6(c), of proposing a "substitution" for the classified information at issue. 18 U.S.C. App. 3 § 6(c)(1). The Government may move for permission to provide the defense either a substitute statement admitting relevant facts that the classified information would tend to prove, or substitute a summary of the classified information that would otherwise be disclosable. *Id.; see also Giffen*, 473 F.3d at 33; *Smith*, 780 F.2d at 1105.  The Court must grant the motion for substitution if it finds that the admission or summary "will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. App. 3 § 6(c)(1).

If the Court determines that the item of classified information at issue is relevant and admissible, and denies the Government's motion for substitution, Section 6(c)(2) permits the Government to object to disclosure of the classified information. In such cases, the Court "shall order that the defendant not disclose or cause the disclosure of such information." 18 U.S.C.

App. 3 § 6(e)(1). Section 6(e) sets forth a sliding scale of remedies that the Court may impose in such a case, to include dismissal of specific counts, finding against the Government on an issue to which the classified information related, striking or preluding testimony of a witness, or dismissing the indictment. *See* S. Rep. No. 96-823, at 9, *reprinted* in 1980 U.S.C.C.A.N. at 4302-03. An order imposing any such sanctions shall not take effect until the Government has had the opportunity to appeal the order under CIPA Section 7, and thereafter withdraw its objection to disclosure. 18 U.S.C. App. 3 § 7. If, after an *in camera* hearing, the Court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal. 18 U.S.C. App. 3 § 6(d).

Whenever the Court rules classified information admissible pursuant to a Section 6(a) hearing, the Court shall require the Government, "unless the interests of fairness do not so require," to provide the Defendant with the information it expects to use to rebut the classified information. 18 U.S.C. App. 3 § 6(f). The Court may place the Government under a continuing duty to disclose rebuttal information and if the Government fails to comply, exclude the rebuttal evidence and prohibit the Government from examining any witness with respect to such information. *Id.*

15

### E.   Other Relevant CIPA Procedures

#### 1.   Section 7 – Interlocutory Appeal

Section 7 permits the Government to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the Government or prevent the disclosure of classified information. 18 U.S.C. App. 3 § 7(a).  If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. 18 U.S.C. App. 3 § 7(b). Such an appeal and decision does not affect the Defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court. *Id.*

#### 2.   Section 8 – Procedures Governing the Introduction of Classified Information at Trial or a Pretrial Proceeding

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status.[2]  To prevent "unnecessary disclosure" of classified

---

[2] Upon completion of the trial, the classifying agency can decide whether the information has been so compromised that it can no longer be regarded as classified. *See* S. Rep. No. 96-823, at 10, *reprinted in* 1980 U.S.C.C.A.N. at 4304.

16

information, Section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording, or photograph, or the entirety of said items with all or part of the classified information contained therein excised, unless fairness requires that the entirety of the relevant item be considered. Lastly, Section 8(c) provides a procedure to address issues presented by any question or line of inquiry that would require a witness to disclose classified information not previously deemed admissible. If the Government poses an objection to the examination, the Court "shall take suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information," to include requiring a proffer from the Government of the anticipated response and a proffer from the Defendant of the information sought to be elicited. 18 U.S.C. App. 3 § 8(c). In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where defense counsel does not realize that the answer to a given question will reveal classified information. *See* S. Rep. No. 96-823, at 11, *reprinted in* 1980 U.S.C.C.A.N. at 4304-05.

> **3.  Section 10 – Identification of Information Related to National Defense**

This section applies in espionage or criminal prosecutions in which the Government must prove as an element of

17

the crime charged that certain material relates to the national defense or constitutes classified information. *See* S. Rep. No. 96-823, at 11-12, *reprinted in* 1980 U.S.C.C.A.N. at 4305. In such a circumstance, Section 10 requires the Government to inform the Defendant as to which portions of the material it reasonably expects to rely upon to prove the national defense or classified information element of the crime.

## III. CONCLUSION

Given that classified material was collected as part of the underlying investigation in this case, the Government respectfully moves for a pretrial conference, pursuant to Section 2 of CIPA, to establish a discovery and motion schedule relating to any classified information. The Government notes that some of the CIPA Sections outlined above may not be invoked or need to be addressed. Further, dependent upon future events and potential pretrial resolutions and proceedings, there may not be a need for hearings pursuant to various CIPA Sections.

Prior to the Section 2 pretrial conference, the Government will endeavor to identify all possible classified material and determine its potential applicability, nature, and volume. At the Section 2 pretrial conference, the Government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information. Based on that estimate, the Government will request a schedule for the filing of

motions, pursuant to Sections 3 and 4 of CIPA, relating to the deletion, substitution, and/or disclosure pursuant to a protective order of classified information otherwise subject to discovery under the Federal Rules of Criminal Procedure.

Finally, the Government will request, pursuant to Section 4 of CIPA, that the Court authorize an *in camera*, *ex parte* submission regarding classified materials that the Government believes should be subject to deletion, substitution, or disclosure pursuant to a protective order.  As previously noted, such submissions are specifically allowed under Section 4. The Court's consideration of any such *ex parte* submissions may also include an *ex parte*, *in camera* hearing to assist the Court in "decid[ing] the relevancy of the classified information" and answer any questions it may have "about the confidential nature of the information." *Klimavicius-Viloria*, 144 F.3d at 1261; *see also United States v. Campa*, 529 F.3d 980, 994-95 (11th Cir. 2008) ("The broad authority of the

district court to regulate discovery includes the power to hold hearings. Nothing in [S]ection four circumscribes this power." (internal citations omitted)).

DATED: August 15, 2017, at Honolulu, Hawaii.

Respectfully submitted,

ELLIOT ENOKI
Acting United States Attorney
District of Hawaii


/s/ Kenneth M. Sorenson
KENNETH M. SORENSON
Assistant U.S. Attorney


/s/ Marc A. Wallenstein
MARC A. WALLENSTEIN
Assistant U.S. Attorney


/s/ Marc A. Wallenstein *for*
TARYN MEEKS
National Security Division
U.S. Department of Justice

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

<u>Served by CM/ECF:</u>

        BIRNEY B. BERVAR, ESQ.
        bbb@bervar-jones.com

        Attorney for Defendant
        IKAIKA ERIK KANG

DATED:    August 15, 2017, Honolulu, Hawaii.

        /s/ Anika Ramos
        U.S. Attorney's Office
        District of Hawaii